Jennifer Liniado, Esq. (Bar Id. 1061167)
CALLAGY LAW, PC
650 From Road, Suite 240
Paramus, NJ 07652
Tel: (201) 261-1700
Fax: (201) 549-6236
Email: jliniado@callagylaw.com
*Attorney for Petitioner*

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

NeuroShield Network SE, LLC

               Petitioner,

          v.

BCBS of Florida dba

HEALTH OPTIONS, INC.

               Respondent.

                         Civil Action No.

**COMPLAINT AND PETITION TO CONFIRM ARBITRATION AWARD
AND ENTRY OF JUDGMENT**

Petitioner, NeuroShield Network SE, LLC, by and through its attorneys, Callagy Law, P.C., submits this Complaint and Petition against BCBS of Florida dba HEALTH OPTIONS, INC, stating as follows:

**PRELIMINARY STATEMENT**

1. This case arises from Respondent's failure to comply with arbitration awards issued under the Federal No Surprises Act.

2. Petitioner, a medical provider specializing in intraoperative monitoring services, has obtained multiple arbitration awards confirming its right to additional reimbursement for services rendered to Respondent's insureds.

3. Despite these clear determinations, Respondent has not made the required payments, necessitating this action to enforce the awards and ensure compliance with the law.

4. Petitioner has made every reasonable effort to resolve these disputes outside of litigation, including submitting formal demands, engaging in direct outreach, and seeking assistance from regulatory authorities.

5. However, Respondent's continued nonpayment has left Petitioner with no alternative but to seek judicial intervention.

6. Petitioner respectfully requests that this Court enter an order confirming the arbitration awards pursuant to 9 U.S.C. § 9, as well as granting appropriate relief, including payment of all outstanding amounts, statutory interest, attorneys' fees, and any other relief the Court deems just and proper.

## PARTIES, JURISDICTION, AND VENUE

7. Petitioner is a medical practice specializing in intraoperative monitoring services, with its principal place of business at 700 US Highway 46 East Suite 420 Fairfield, NJ 07004.

8. Respondent is engaged in providing and/or administering healthcare plans or policies in the State of Florida.

9. Jurisdiction is proper in the Federal Court for the Middle District of Florida as this action is brought pursuant to several federal statutes, including the No Surprises Act, 42 U.S.C. §§ 300gg-111, *et seq*, and pursuant to 9 U.S.C. § 9 regarding confirmation of arbitration awards.

10. Venue is proper under 28 U.S.C. § 1391 because Respondent's principal place of business is located in this District.

## FACTUAL BACKGROUND

**Petitioner's Efforts to Resolve Payment Disputes Prior to Arbitration**

11. Petitioner provides medically necessary intraoperative monitoring services to patients insured under health plans administered by Respondent.

12. After rendering these services, Petitioner submits claims for reimbursement in accordance with standard industry procedures.

13. In numerous instances, Respondent has underpaid Petitioner for these services, issuing payments that do not reflect fair and reasonable reimbursement.

14. In an effort to resolve these disputes without litigation, Petitioner has engaged in the open negotiation process required under the Federal No Surprises Act, providing detailed documentation and attempting to reach an agreement.

15. However, Respondent has either failed to engage in meaningful negotiations or has not provided appropriate adjustments, requiring Petitioner to initiate arbitration under the Independent Dispute Resolution (IDR) process.

## Arbitration Awards Issued in Petitioner's Favor

16. Through the arbitration process, independent dispute resolution entities have reviewed the claims and consistently found in Petitioner's favor, determining that additional reimbursement is warranted.

17. These awards, identified as IDR Reference Number DISP-892537, confirm that Respondent's initial payments were insufficient and direct Respondent to issue the required adjustments.

18. Despite these legally binding determinations, Respondent has not consistently adhered to its payment obligations, creating financial strain for Petitioner and undermining the effectiveness of the arbitration process.

## Post-Arbitration Efforts to Obtain Compliance

19. Following the issuance of arbitration awards, Petitioner has taken substantial steps to facilitate compliance, including:

    a. Sending formal demand letters outlining Respondent's obligations under federal law;

    b. Direct outreach through phone calls, emails, and provider portals to discuss payment;

    c. Filing regulatory complaints with the Centers for Medicare & Medicaid Services (CMS) in an attempt to resolve the matter administratively.

20. Despite these efforts, Respondent has not provided payment as required, leaving Petitioner with no choice but to pursue judicial enforcement.

## CAUSES OF ACTION

## COUNT ONE – CONFIRMATION OF ARBITRATION AWARD (9 U.S.C. § 9)

21. Petitioner incorporates the allegations set forth above.

22. Under 9 U.S.C. § 9, a party to arbitration may apply for an order confirming an arbitration award.

23. Petitioner has obtained multiple binding arbitration awards requiring additional reimbursement.

24. Despite clear legal obligations, Respondent has not fulfilled its payment responsibilities.

25. Petitioner seeks an order confirming the arbitration awards and directing Respondent to issue payment.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court:

1. Confirm the arbitration awards;

2. Enter judgment against Respondent for all unpaid amounts;

3. Award statutory damages, penalties, and attorneys' fees; and

4. Grant any further relief deemed just and appropriate.

Dated: March 21, 2025

                          Attorney for Petitioner

                        By: */s/ Jennifer Liniado*
                             Jennifer Liniado, Esq.